IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Darrell Rowe, ) | |
| ) | Civil Action No. 8:06-2175-GRA-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Deputy Robert Hill, ) | |
| Bamberg County Sheriff's ) | |
| Department; Deputy Chad ) | |
| Dilling, Bamberg County ) | |
| Sheriff's Department, and ) | |
| James Smoak, Bamberg ) | |
| Department of Public Safety, ) | |
| in their official and individual ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motions to dismiss.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on July 31, 2006, seeking damages for alleged civil rights violations. On October 16, 2006, the defendants Robert Hill, Chad Neely,[1] and James

---

[1] Although Defendant Chad Neely was included as a defendant in filing this motion, he was misidentified in the complaint and subsequently terminated on November 10, 2006. Chad Dilling

Smoak filed a motion to dismiss. On October 18, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 31, 2006, the plaintiff filed a response opposing the defendants' motion to dismiss.

On November 11, 2006, defendant Chad Dilling also filed a motion to dismiss. On November 13, 2006, pursuant to *Roseboro*, the plaintiff was again advised of the summary judgment procedure and the possible consequences if he failed to respond to the motion. On January 3, 2007, the plaintiff filed a response opposing defendant Dilling's motion to dismiss. On March 8, 2007, the plaintiff filed another response opposing both motions to dismiss.

## FACTS PRESENTED

Following the search of his mobile home on the evening of July 31 and August 1, 2002, the plaintiff was arrested for various drug-related offenses. The plaintiff alleges these charges were dropped eleven months later on July 9, 2003. In this ¶ 1983 action filed July 31, 2006, he raises a claim for illegal seizure based upon his allegation that the arresting officers did not have probable cause or a search warrant authorizing them to search his property on July 31 or August 1, 2002. (Compl. 2-4.) The defendants have filed motions raising the statute of limitations as a defense.

## APPLICABLE LAW

---

was substituted. (Docket Entry # 12.)

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). If on a motion pursuant to Rule 12(b)(6), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The defendants contend the plaintiff's action is barred by the statute of limitations. The undersigned agrees. In § 1983 actions filed in the District of South Carolina, this Court must apply South Carolina's general personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 265-280 (1985)(in § 1983 actions, federal courts should apply state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations establishes a three-year limitations period for personal injury causes of action arising on or after April 5, 1988. S.C. Code Ann. § 15-3-530. Thus, the plaintiff had three years to bring this § 1983 action.

As the United States Supreme Court recently held, federal law determines when the statute of limitations for a civil rights action begins to run. *Wallace v. Kato*, ___ U.S. ___, 127

S.Ct. 1091 (2007). In the case at bar, the plaintiff could have filed suit as soon as the allegedly wrongful arrest occurred or July 31 or August 1, 2002. *Id*. The plaintiff did not file this action until July 31, 2006, four years from the date of the plaintiff's arrest and one year after the statute of limitations had run. Accordingly, the plaintiff's action is barred by the statute of limitations and the defendants' motions to dismiss should be granted.

Although not addressed by the defendants, the court would be remiss in its analysis if it did not also address the plaintiff's prior action brought in this court raising the same claims, *Rowe v. Hill*, C/A # 04-23195 (S.C. D. Ct. filed December 14, 2004). On March 11, 2005, that action was dismissed without prejudice on the ground that it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Docket Entry # 9.) The plaintiff filed a notice of appeal on April 6, 2005. (Docket Entry # 11.) However, on July 13, 2005, the Fourth Circuit Court of Appeals dismissed the appeal for failure to prosecute. (Docket Entry # 15.) As noted above, the plaintiff then filed the current action raising the same claims over one year later on July 31, 2006.

The filing of the plaintiff's earlier complaint, however, had no tolling effect on the three-year limitations period. If a case is dismissed without prejudice, the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by the filing of that case. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed. *E.g., Lambert v. United States*, 44 F.3d 296, 298 (5th Cir.1995); *Dade County v. Rohr Industries, Inc.*, 826 F.2d 983, 989 (11th Cir.1987). Thus,

here, the statute of limitations began running, at the latest, on August 1, 2002, and continued running uninterrupted by the filing, and subsequent dismissal without prejudice, of the plaintiff's previous complaint. The three-year limitations period therefore expired sometime on, or before, August 1, 2005, and the current complaint, filed almost exactly one year later, is untimely. Further, it is irrelevant that the dismissal might arguably have been erroneous. Waiving the statute of limitations is not the proper remedy for an erroneous dismissal. The proper remedy is an appeal. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). And although the plaintiff did file a notice to appeal the dismissal of his first action, he also subsequently abandoned that appeal.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendants' Motions to Dismiss (# 8 and # 12) be GRANTED and the Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

April 5, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).