UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Darrell Rowe, #187778, ) | |
| ) | C/A No. 8:06-cv-02175-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Deputies Robert Hill and Chad Dilling, ) | |
| Bamberg County Sheriff's Department; ) | |
| and James Smoak, Bamberg Department ) | |
| of Public Safety, in their official and ) | |
| administrative capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on April 5, 2007 and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff filed this action on July 31, 2006, pursuant to 42 U.S.C. § 1983.  Defendants moved to dismiss on October 16, 2006.  An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the magistrate on October 18, 2006.  Plaintiff filed a response to the motion to dismiss on October 31, 2006.  On November 10, 2006, Defendant Chad Neely was terminated as an improperly named defendant, and Defendant Chad Dilling was substituted as the proper defendant.  Defendant Dilling then filed his own motion to dismiss.  Plaintiff was again advised of the summary judgment dismissal procedure pursuant to *Roseboro*, and Plaintiff filed a response in opposition to Dilling's Motion

1

to Dismiss. Plaintiff filed an additional response in opposition to dismissal on March 8, 2007. The magistrate now recommends granting Defendants' Motions to Dismiss and dismissing this complaint with prejudice.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984);

*Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff timely filed objections to the Report and Recommendation on April 23, 2007.

Plaintiff raises the following four objections to the magistrate's Report and Recommendation: (1) the facts presented in the Report and Recommendation are not merely allegations but are "genuine facts"; (2) the Defendants' statute of limitations defense is void; (3) the applicable law cited by the magistrate "can't stand"; and (4) the plaintiff objects to the magistrate's conclusion that he did not state a claim for relief.  After considering Plaintiff's objections, the Court finds them all to be without merit.

Plaintiff's first argument confuses the nature of the "Facts Presented" section in the Report and Recommendation. This section does not decide on the merits of Plaintiff's claims, but instead simply sets forth Plaintiff's claims to the Court.  Since the statute of limitations bars this action, the Court has not and will not have an opportunity to decide on the truthfulness or untruthfulness of the claims presented by the Plaintiff.  Though Plaintiff asserts that his claims are all genuine, the Court does

not reach that issue. The magistrate correctly referred to the Plaintiff's claims as simply allegations in the Report and Recommendation.

Secondly, Plaintiff's argument regarding the statute of limitations defense fails. Plaintiff claims that the period of filing his action ran from "July of 2002-July of 2006 and/or till the Plaintiff's [sic] retains an inner peace." Objections, p. 2. The statute of limitations is a valid defense in any civil action, and the statute is not set according to Plaintiff's whim. Plaintiff cannot circumvent the law in an effort to survive a motion to dismiss. The Court finds the statute of limitations is clearly set in this District, and the statute of limitations defense applies in this action just as it applies in any other § 1983 action.

Plaintiff next objects to the applicable law cited by the magistrate. The Court has reviewed the Report and Recommendation and finds the magistrate cited the correct law. Therefore, this objection is without merit.

Finally, the Plaintiff "objects to not stating a claim." The Court has attempted to construe this objection in the manner intended by the Plaintiff but can find no basis for it. The magistrate cited the law applicable in a Rule 12(b)(6) motion to dismiss which includes "failure to state a claim" language, but did not conclude that Plaintiff failed to state a claim. The dismissal in this case is based on the untimeliness of the action, not the failure of Plaintiff to state a claim for relief. Therefore, this objection is also without merit.

After considering the record in this case and the Report and Recommendation filed by the magistrate, this Court finds the Report and Recommendation accurately summarizes this case and the applicable law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss are hereby GRANTED and this case is DISMISSED with prejudice.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 26, 2007

Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.

5